UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVID B. HUDSON,

       Plaintiff,

v.

DEPARTMENT OF TREASURY,

       Defendant.
_____/

Case No. 1:21-cv-392

Honorable Robert J. Jonker

## **OPINION**

This is a civil action brought by a state prisoner[1] against a governmental entity to recover his first and second federal economic impact payments, either the $1,200 authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, *see* 26 U.S.C. § 6428(a)(1), or the $600 authorized by the Consolidated Appropriations Act of 2021 (CAA), *see* 26 U.S.C. § 6428A(a)(1). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

---

[1] Plaintiff David Hudson purported to bring his complaint on behalf of himself and three other prisoners, Leonard Reeder, Anton Roy Allen, and Albert King. (Compl.., ECF No. 1, PageID.1.) Plaintiff, however, was the only signatory to the complaint. (*Id.*, PageID.4.) As a consequence, the only Plaintiff properly before the Court is Plaintiff David Hudson.

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. Plaintiff sues the Department of the Treasury, Internal Revenue Service.

Plaintiff complains that he did not receive either his first or second economic impact payments (EIPs) authorized by the CARES Act and the CCA. Plaintiff asserts that, because he filed a 2019 tax return, he should have received EIPs of $1,200 and $600 at the time they were authorized. He also contends that Defendant failed to distribute personalized notices to Michigan prisoners about their eligibility to receive the payments. Plaintiff indicates that, until receiving the third EIP on April 16, 2021, he assumed that he, as a prisoner, was not eligible for the payments.

For relief, Plaintiff seeks immediate issuance of the first two economic impact payments.

### II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Discussion

Plaintiff appears to have brought his case under the CARES Act and the CCA, both of which were responses to the 2020 coronavirus pandemic. Section 2201 of the CARES Act created a "recovery rebate," structured as a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428(a). The tax credit, however, was authorized to be distributed as an advance refund on 2020 taxes. 26 U.S.C. § 6428(f). Under the provision, qualified individuals would directly receive the rebate as an EIP or so-called "stimulus check." The CARES Act directed the Secretary of the

Treasury to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed" after December 31, 2020.  26 U.S.C. § 6428(f)(3)(A).  In essentially identical language, the CCA authorized a second tax credit of $600, which also was authorized to be paid as an EIP.  26 U.S.C. § 6428A(a), (f).  Congress again directed the Secretary to issue the credit "as rapidly as possible" and specified that no impact payment "shall be made or allowed . . . after January 15, 2021."  26 U.S.C. § 6428A(f)(3)(A)(i)–(ii).  Plaintiff seeks the belated issuance of EIPs under both statutes.[2]

### A. Sovereign Immunity

As a number of courts have recognized, the first issue that must be addressed is whether the United States has waived its sovereign immunity for claims under the CARES Act and the CCA.  Several courts have found that the United States has waived sovereign immunity for claims brought under the CARES Act.  *See Amandor v. Mnuchin*, 476 F. Supp. 3d 125, 141–45 (D. Md. Aug. 5, 2020); *R.V. v. Mnuchin*, Civ. A. No. 20-1148, 2020 WL 3402300, at *5–7 (D. Md. June 19, 2020).  Other courts have assumed without deciding that the government waived its sovereign immunity.  *See, e.g., Graham v. Dep't of Treasury I.R.S.*, No. 21-CV-1411, 2021 WL 5356784, at *2 (E.D. Pa. Nov. 17, 2021).  Like the *Graham* court, and based on the reasoning of *Amandor* and *R.V.*, this Court will assume without deciding for purposes of this decision that the United States has waived its sovereign immunity.

---

[2] The IRS initially maintained that incarcerated individuals were not eligible for the EIPs.  In response, a group of prisoners brought an action in the Northern District of California, sought class certification, and ultimately obtained a permanent national injunction barring the IRS from withholding EIPs solely on the basis of a person's incarcerated status.  *See Scholl v. Mnuchin (Scholl II)*, 494 F. Supp. 3d 661 (N.D. Cal. 2020).  From his allegations, Plaintiff appears to be a member of the class certified in *Scholl* for purposes of the injunction.  *Scholl v. Mnuchin (Scholl I)*, 2020 WL 5702129, at 25* (N.D. Cal. Sept. 24, 2020).

### B. Administrative Exhaustion

Ordinarily, prior to bringing an action for refund, a plaintiff must first exhaust his administrative remedies by filing a claim for a refund with the IRS under 26 U.S.C. § 7422. In other cases, courts have rejected IRS arguments that a person seeking payment under the CARES Act must exhaust administrative remedies under § 7422, holding that "'[b]y its plain language, § 7422(a) does not apply here because [a claim seeking an advance refund stimulus payment] is not a suit for any tax, penalty, or sum wrongfully collected.'" *Graham*, 2021 WL 5356784, at *3 (quoting *R.V.*, 2020 WL 3402300, at *7); *see also Amandor*, 476 F. Supp. 3d at 143–44 (noting that requiring the exhaustion of administrative remedies before proceeding with a CARES Act claim "is at odds with the very purpose of the impact payments"). Based on the reasoning of *R.V.* and *Amandor*, as well as the plain language of the statute, the Court concludes that no exhaustion is required since Plaintiff is not challenging an "internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." 26 U.S.C. § 7422.

### C. Merits

Plaintiff's action must be dismissed under § 1915(e)(2)(B) because he has suffered no actual injury and therefore lacks standing to bring his claim. As the *Graham* court recognized,

> Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008)). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also*

5

> *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

2021 WL 5356784, at *3.

Plaintiff utterly fails to allege that he has suffered or will suffer an actual injury if the Court declines to address his claim of entitlement to an immediate EIP under 26 U.S.C. §§ 6428(f)(3)(A) ("The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this section as rapidly as possible.") and 6428A(f)(3(A) (same). The statutes on their face permit a recovery rebate to be made either by "advance refund (i.e., a 'stimulus check'), or a tax credit, or a combination of the two." *Graham*, 2021 WL 5356784, at *3 (citing 26 U.S.C. § 6428); *see also* 26 U.S.C. § 6428A. Assuming that Plaintiff is an eligible individual as defined under the law, his claim to an economic impact payment would not be infringed unless and until he files his 2020 tax return and his claim is denied payment by the IRS. No such deprivation occurs simply because he did not receive an advance refund. Further, Plaintiff does not even allege that he filed his 2020 tax return and raised his claims, much less that his claims were denied by the IRS. He therefore has not alleged "an invasion of a legally protected interest" that is actual or imminent. *Spokeo, Inc.*, 136 S. Ct. at 1548.

Finally, even if Plaintiff could demonstrate that he was eligible to receive EIPs under the statutes, rather than credits on his 2020 income taxes, Plaintiff would not be entitled to the relief he seeks. As previously indicated, both the CARES Act and the CCA impose deadlines for issuance of EIPs, December, 31, 2020, and January 15, 2021, respectively. *See* 26 U.S.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A). Both of those deadlines passed well before Plaintiff filed the instant action. Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot. *See Clay v. Dep't of Treasury*, No. 21-cv-08132, 2021 WL 5494274, at*3 (N.D.

Cal. Nov. 23, 2021); *Breton. v. Mnuchin I.R.S.*, No. 3:21-cv-718, 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021); *Blankenship v. Dep't of Treasury, I.R.S.*, No. 1:21-cv-581, 2021 WL 4819595, at *4 (E.D. Cal. Oct. 15, 2021).

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: __December 7, 2021__          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE